FILED
MAR 3 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Hector Armando Rodriguez, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 08 0561 |
| v. ) | |
| ) | |
| United States Sentencing Commission, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION

This matter is before the Court on the "Petition for Judicial Review of an Agency Action in the Nature of a Mandamus and an Original and Extraordinary Writ of Habeas Corpus" and petitioner's application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

Petitioner is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. He sues the United States Sentencing Commission claiming that the sentencing guidelines under which he was sentenced "were not in line with Congressional mandate."[1] Pet. at 10. Petitioner therefore seeks review of agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.* Because the challenge, however, is to petitioner's

---

[1] The question presented is whether

> the agency of the United States Sentencing Commission abuse[d] its discretion . . . by exceeding the judicial estimation of the proper role of the judge, when in promulgating the mandatory [sentencing] guidelines . . . it required the U.S. District Courts to rely on these provisions in sentencing certain persons convicted of Federal offenses that were otherwise Final on or about January 12, 2005?

Pet. at 2.

sentence, the proper remedy is by motion filed in the sentencing court pursuant to 28 U.S.C. § 2255.[2] *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

An individual may be excused from pursuing relief under § 2255 only when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner claims that the remedy is ineffective because it does not "address the procedural deficiency of the administrative application errors which have unlawfully inflicted punishment to his person contrary to law and ancient practice, while overestimating the role of the judge." Pet. at 12. To the extent that petitioner is claiming that he has no recourse under § 2255 to challenge the Sentencing Commission's rulemaking, he may not proceed under the APA because other than the notice and comment requirements of the APA, "the Commission's rulemaking [is] not subject to any other provision of the APA, including those for judicial review." *U.S. v. Lopez,* 938 F.2d 1293, 1297 (D.C. Cir. 1991).

Lacking jurisdiction to entertain the petition, the Court will dismiss the case by separate Order issued contemporaneously with this Memorandum Opinion.

/s/ *signature*
United States District Judge

Date: March 25, 2008

---

[2] Petitioner unsuccessfully pursued this remedy. *See* Pet. at 9.